NORTH CAROLINA STATE TREASURER, PLAINTIFF v. CITY OF ASHEVILLE, A MUNICIPALITY, AND CUMBERLAND COUNTY AUDITORIUM COMMISSION, A PUBLIC CORPORATION, DEFENDANTS AND KATHLEEN M. LONG, ANCILLARY ADMINISTRATRIX OF THE ESTATE OF ELVIS PRESLEY, AND JERRY WEINTRAUB, INTERVENORS

No. 8228SC247

(Filed 1 March 1983)

Escheats § 2— undemanded money for concert tickets—not derelict or escheated property

In an action brought by the N. C. State Treasurer as custodian of the Escheat Fund for possession of money "in the hands of" the defendants which represented the unrefunded purchase price of tickets for concerts by Elvis Presley, the trial court properly entered summary judgment for defendants since the remaining ticket holders apparently elected to keep their tickets and the property was neither abandoned nor derelict. The proceeds of the sale of the tickets arose out of a contract between the ticket purchaser as one party and the defendants and intervenors as the other parties, and neither the defendants nor the intervenors disclaimed the proceeds.

APPEAL by plaintiff from *Lewis, Judge.* Judgment entered 16 December 1981 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 18 January 1983.

This is an action brought by the North Carolina State Treasurer, plaintiff, as custodian of the Escheat Fund for possession of money "in the hands of" the defendants, Cumberland Memorial Auditorium Commission and the City of Asheville. The money represents the unrefunded purchase price of tickets for concerts by Elvis Presley scheduled to occur in August 1977 in the defendants' auditoriums, which were cancelled because of Presley's death. Intervenors represent the estate of Elvis Presley and the promoters of the concerts. The action was initiated in Wake County in October 1980 and was transferred to Buncombe County in March 1981. At trial, Judge Lewis denied plaintiff's motion for summary judgment and allowed defendants' and intervenors' joint motion for summary judgment. Plaintiff appeals.

*Attorney General Edmisten, by Special Deputy Attorney General Charles J. Murray, for the State.*

*Tally & Tally, by John C. Tally, for intervenors-appellees, Kathleen H. Long, Ancillary Administratrix of the Estate of Elvis Presley, and Jerry Weintraub.*

*Patla, Straus, Robinson & Moore, by Jones P. Byrd, for defendant-appellee, City of Asheville.*

*Garris Neil Yarborough for defendant-appellee, Cumberland Memorial Auditorium Commission.*

HILL, Judge.

We address the question whether the unrefunded ticket proceeds have become derelict property subject to possession by the State Treasurer. We conclude the property is not derelict and therefore affirm the decision of the trial court.

The City of Asheville and Cumberland County Memorial Auditorium refunded the purchase price of the tickets to those making demand, but many ticket holders elected to retain their tickets, leaving the proceeds in the hands of the City of Asheville and Cumberland County Memorial Auditorium. More than three years have elapsed since the scheduled date of performance and Elvis Presley's death. Such right of ticket holders to demand and receive a refund for the cost of the tickets was barred by the three year statute of limitations prior to the institution of this suit by plaintiff. G.S. 1-52. There is no dispute that the unrefunded money has been in the possession of defendants since 26 August 1977.

G.S. 116A-4 (1978) *(repealed by* 1979 N.C. Sess. Laws, 2d Sess., ch. 1311, § 1, effective 1 January 1981) then in effect, stated in part as follows:

> Personal property . . . including . . . sums of money in the hands of any person . . . which shall not be recovered or claimed by the parties thereto for three years after the same shall become due and payable, shall be deemed derelict property, and shall be paid or delivered to the Escheat Fund and held without liability for profit or interest until a just claim therefor shall be preferred by the parties thereto.

We note a distinction between derelict property and escheated property. An escheat occurs when the property owner dies intestate and without relatives descended from a common parent or grandparent. *Newlin v. Gill, State Treasurer*, 293 N.C. 348, 237 S.E. 2d 819 (1977); G.S. 29-12; G.S. 116A-2 *(repealed and recodified as* G.S. 116B-2). By its express terms, G.S. 116A-4 requires the

State Treasurer to hold derelict property for the rightful owners. The rights of ticket holders having been barred by the statute of limitations, the State Treasurer contends he may properly obtain possession of the property in order to hold it for the benefit of the rightful owners. Until claimed, the earnings of such property would be used to provide tuition funds for North Carolina students at public institutions of higher education. G.S. 116A-9 (*repealed and recodified as* G.S. 116B-37).

The defendants, City of Asheville and Cumberland County Auditorium Commission, claim title to the funds as parties to the contract with Elvis Presley. Jerry Weintraub claims an interest in the proceeds as Presley's concert tour promoter. Kathleen H. Long claims an interest in the proceeds as ancillary administratrix of Presley's estate.

We find that the property is neither abandoned nor derelict. The remaining ticket holders apparently elected to keep their tickets as Elvis Presley memorabilia. Retention of the ticket may be a sentimental or even pecuniary investment that, to the holder, is commensurate with the pleasure of concert attendance. We conclude that the proceeds of the sale of the tickets arise out of a contract between the ticket purchaser as one party and the defendants and intervenors as the other parties. Nowhere do we find a disclaimer of the proceeds by either the defendants or intervenors. All of them claim an interest therein. Their rights and obligations are not before this Court, but common sense leads us to believe that heavy expenses were incurred in connection with the concert by some if not all of the parties claiming the proceeds. We do not believe the legislature intended a windfall to the state under these circumstances.

By purchasing a ticket to the concert, the ticket holder enters into a contract with the auditorium and the performer. If the contract is not performed, he or she may rescind the agreement and demand a refund, but is not compelled to do so. Nor must the auditorium operator or performer refund the purchase price absent a demand. If that were the case, the ticket holder would be unjustly enriched in retaining both money and memento. The auditorium is not a trustee of the unrefunded proceeds of the ticket sale; the auditorium is simply a party to an unperformed contract.

We find the case of *State v. Sperry & Hutchinson Co.*, 56 N.J. Super. 589, 153 A. 2d 691 (1959), *aff'd*, 31 N.J. 385, 157 A. 2d 505 (1960), to be instructive. There, the State of New Jersey sought to claim the cash value of all unredeemed trading stamps for which the statute of limitations had run against their holders. The court looked at the "nature of the rights which are conferred upon members of the consuming public when they acquire trading stamps," and held that if the stamp holders did not enforce their contractual rights within the period of the statute of limitations, the proceeds of the unredeemed trading stamps belonged to the company and not the state. In a similar case involving unclaimed money orders, the New Jersey Supreme Court held that the relationship between Western Union and its money order purchasers was a contract between a debtor and a creditor, and if the debtor made no claim for a refund, the money orders belonged to the creditor and not the state. *State v. Western Union Telegraph Co.*, 17 N.J. 149, 110 A. 2d 115 (1954).

The State failed to show that the proceeds from the sale of the tickets were abandoned or were derelict property. The decision of the trial judge is

Affirmed.

Judges ARNOLD and WHICHARD concur.